UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

CHRIS THOMAS, an infant under the age of fourteen, by his M/N/G LINDA DENNIS, SHADI HOWLETT, an infant under the age of fourteen, by her M/N/G PAMELA HOWLETT, and SHAHEEN HOWLETT, an infant under the age of fourteen, by his M/N/G PAMELA HOWLETT, LINDA DENNIS, individually, and PAMELA HOWLETT, individually,

                              Plaintiffs,

        -against-

CITY OF NEW YORK, and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                             Defendants.

--------------------------------------------------------------------X

JUDGE MARRERO

07 CV 11508

**COMPLAINT**

Index No.:

Jury Trial Demanded

DEC 21 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

1.     Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the States of New York and the United States. Plaintiffs also assert supplemental state law claims.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution.

1

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff CHRIS THOMAS is a an African American male, a citizen of the United States, and at all relevant times a resident of the City and States of New York. Plaintiff SHADI HOWLETT is an African American female, a citizen of the United States, and at all relevant times a resident of the City and States of New York. Plaintiff SHAHEEN HOWLETT is an African American male, a citizen of the United States, and at all relevant times a resident of the City and States of New York. Plaintiff LINDA DENNIS is an African American female, a citizen of the United States, and at all relevant times a resident of the City and States of New York. Plaintiff PAMELA HOWLETT is an African American female, a citizen of the United States, and at all relevant times a resident of the City and States of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants, JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. The following is a summary of the facts. On September 24, 2006, at approximately 3:00 p.m., infant plaintiffs CHRIS THOMAS, SHADI HOWLETT, and SHAHEEN HOWLETT were lawfully present in the vicinity of 830 Washington Avenue, located in the county of Bronx, in the City and State of New York.

14. At the aforesaid time and place, the defendants, members of the New York City Police Department, acting under the color of law, approached the infant plaintiffs, and without suspicion or just cause detained, searched, imprisoned, handcuffed, arrested, threatened, and assaulted and battered the plaintiffs, while others failed to intervene in the illegal conduct. Specifically, plaintiff CHRIS THOMAS, who was thirteen years old at the time, was slapped

about his head and ear by one of the New York City police officers and pushed roughly and with excessive force by a female officer thereby causing him physical injuries. Infant plaintiffs CHRIS THOMAS, SHADI HOWLETT, who was thirteen years old, and SHAHEEN HOWLETT, who was eight years old, were handcuffed and taken to the 42nd precinct against their will, deprived of necessary medical treatment for injuries sustained at the hands of the NYPD police officers, subjected to tight handcuffing, and threatened by the NYPD officers that they would be shot next time.

15. Plaintiff SHAHEEN HOWLETT was eventually released without charges after a few hours of being handcuffed inside the 42nd precinct stationhouse. Plaintiffs CHRIS THOMAS and SHADI HOWLETT remained in custody for several hours, and were issued Family Court appearance tickets later that evening by defendants, despite the absence of probable cause to do so and in an attempt to justify their acts of brutality and abuse of authority. Despite obvious injuries, the defendants were deliberately indifferent to Chris Thomas' serious medical needs and were otherwise negligent in not properly treating his injuries while in their custody. Eventually, all charges against plaintiffs CHRIS THOMAS and SHADI HOWLETT were, upon information and belief, dismissed and sealed in Bronx County Family Court.

16. Plaintiffs LINDA DENNIS and PAMELA HOWLETT were subjected to excessive force and otherwise outrageous conduct after they arrived at the precinct to find out why the infant plaintiffs were in police custody. Plaintiff LINDA DENNIS was roughly pushed up against a wall by an NYPD officer without any justification, and taken by ambulance to St. Barnabas Hospital, where she remained overnight for treatment and observation. Plaintiff PAMELA HOWLETT was grabbed by her hair by an NYPD officer and roughly knocked against a wall. Further, a NYPD officer attempted to strike plaintiff PAMELA HOWLETT and

then pulled her into a nearby room wherein the abuse continued. Plaintiff PAMELA HOWLETT was put in a jail cell against her will where she was held for a few hours without any justification or probable cause until her release a few hours later. No charges were filed against plaintiff PAMELA HOWLETT.

17. As a result of the above, plaintiffs sought medical attention.

18. As a result of the foregoing, plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, deprivation of their liberty and constitutional rights, and loss of services as well as special damages.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Deprivation of Rights under 42 U.S.C. § 1983)**

19. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "18" with the same force and effect as if fully set forth herein.

20. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

21. All of the aforementioned acts deprived plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. Section 1983.

22. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority

attendant thereto.

23. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

24. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(Unlawful Search under 42 U.S.C. § 1983)

25. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. The illegal approach, pursuit, stop and search employed by defendants herein terminated plaintiffs CHRIS THOMAS, SHADI HOWLETT, and SHAHEEN HOWLETT's freedom of movement through means intentionally applied.

27. As a result of the aforementioned conduct of defendants, plaintiffs CHRIS THOMAS, SHADI HOWLETT, and SHAHEEN HOWLETT sustained physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

28. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. The level of force employed by defendants was objectively unreasonable and in violation of plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT's constitutional rights.

30. As a result of the aforementioned conduct of defendants, plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT were subjected to excessive force and sustained physical injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

31. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants had an affirmative duty to intervene on behalf of plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT, whose constitutional rights were being violated in their presence by other officers.

33. The defendants failed to intervene to prevent the unlawful conduct described herein.

34. As a result of the foregoing, plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT's liberty were restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause. Further, plaintiffs sustained severe and permanent physical injuries.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

35. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

37. As a result of the foregoing, plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT were deprived of his right to substantive due process, causing severe and permanent emotional and physical injuries.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

38. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. The supervisory defendants personally caused plaintiffs' constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

40. As a result of the foregoing, plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT suffered severe and permanent emotional and physical injuries.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

41. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants issued criminal process against plaintiffs CHRIS THOMAS and SHAHEEN HOWLETT by causing them to be issued Family Court Appearance Tickets compelling their appearance in Bronx County Family Court.

43. Defendants caused plaintiffs CHRIS THOMAS and SHAHEEN HOWLETT to be arrested and issued Family Court Appearance Tickets in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority and thereby violated plaintiffs' right to be free from malicious abuse of

process.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(False Arrest under 42 U.S.C. § 1983)

44. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. The defendants falsely imprisoned the plaintiffs CHRIS THOMAS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT against their will and in the absence of probable cause.

46. As a result of the foregoing, plaintiffs CHRIS THOMAS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT were detained and subjected to physical restraints, and otherwise deprived of their right to be free from false arrest.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

47. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

49. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unlawfully stopping, searching, assaulting, battering and seizing innocent individuals of African American descent. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN

HOWLETT, and PAMELA HOWLETT's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

50. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT.

51. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT as alleged herein.

52. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT as alleged herein.

53. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT were unlawfully stopped, seized, beaten, searched, detained, and incarcerated, all without being guilty of any crime whatsoever.

54. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs CHRIS THOMAS, LINDA DENNIS,

SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT'S constitutional rights.

55. All of the foregoing acts by defendants deprived plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unlawful searches;

    D. To receive equal protection under law; and

    E. To be free from the use of excessive force and/or the failure to intervene.

56. As a result of the foregoing, plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

57. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

59. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

60. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

61. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

62. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

63. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. As a result of the foregoing, plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT were placed in apprehension of imminent harmful and offensive bodily contact.

65. As a result of defendant's conduct, plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

66. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendants made offensive contact with plaintiffs without privilege or consent.

68. As a result of defendant's conduct, plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT have

suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

69. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

71. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

72. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

73. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT.

74. As a result of the aforementioned conduct, plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

75. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the illegal use of force of plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT and unlawful arrest of all plaintiffs except LINDA DENNIS.

77. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

78. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the illegal use of force of plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT and unlawful arrest of all plaintiffs except LINDA DENNIS.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

80. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct

described herein.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

82. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN SEVENTEENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

84. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Defendants arrested plaintiffs CHRIS THOMAS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT without probable cause.

86. Plaintiffs CHRIS THOMAS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT were detained against their will for an extended period of time and subjected to physical restraints.

87. As a result of the aforementioned conduct, plaintiffs CHRIS THOMAS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT were unlawfully imprisoned in violation of the laws of the State of New York.

88. As a result of the aforementioned conduct, plaintiffs suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, plaintiffs CHRIS THOMAS, LINDA DENNIS, SHADI HOWLETT, SHAHEEN HOWLETT, and PAMELA HOWLETT demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       December 18, 2007

                                                LEVENTHAL & KLEIN, LLP
                                                45 Main Street, Suite 230
                                                Brooklyn, New York 11201
                                                (718) 722-4100

                                                By: _____
                                                     BRETT H. KLEIN

                                                Attorneys for the Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

CHRIS THOMAS, an infant under the age of
fourteen, by his M/N/G LINDA DENNIS, SHADI HOWLETT,
an infant under the age of fourteen, by her M/N/G
PAMELA HOWLETT, and SHAHEEN HOWLETT, an infant
under the age of fourteen, by his M/N/G PAMELA HOWLETT,
LINDA DENNIS, individually, and PAMELA HOWLETT,
individually,

          Plaintiffs,

 -against-

CITY OF NEW YORK, and JOHN and JANE DOES 1 through
10, individually and in their official capacities, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

          Defendants.

-------------------------------------------------------------------X


**COMPLAINT**


LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100