UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CHRIS THOMAS, an infant under the age of fourteen, by his M/N/G LINDA DENNIS, SHADI HOWLETT, an infant under the age of fourteen, by her M/N/G PAMELA HOWLETT, and SHAHEEN HOWLETT, an infant under the age of fourteen, by his M/N/G PAMELA HOWLETT, LINDA DENNIS, individually, and PAMELA HOWLETT, individually,

**ANSWER**

07 CV 11508 (VM)(HBP)

JURY TRIAL DEMANDED

                                             Plaintiffs,

              -against-

THE CITY OF NEW YORK, and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                             Defendants
------------------------------------------------------------------X

       Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully allege, upon information and belief, as follows:

       1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

       2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

       3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the court as stated therein.

       4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

5. Paragraph "5" of the Complaint sets forth a jury demand, of which a response is not required.

6. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Admit the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Police Department.

9. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Paragraph "10" of the Complaint contains conclusions of law to which no response is required.

11. Paragraph "11" of the Complaint contains conclusions of law to which no response is required.

12. Paragraph "12" of the Complaint contains conclusions of law to which no response is required.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. In response to the allegations set forth in paragraph "19" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-19" inclusive of this answer, as if fully set forth herein.

20. Paragraph "20" of the Complaint contains conclusions of law to which no response is required.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. In response to the allegations set forth in paragraph "25" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-25" inclusive of this answer, as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. In response to the allegations set forth in paragraph "28" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-28" inclusive of this answer, as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. In response to the allegations set forth in paragraph "31" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-31" inclusive of this answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. In response to the allegations set forth in paragraph "35" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-35" inclusive of this answer, as if fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. In response to the allegations set forth in paragraph "38" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-38" inclusive of this answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. In response to the allegations set forth in paragraph "41" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-41" inclusive of this answer, as if fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the Complaint..

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. In response to the allegations set forth in paragraph "44" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-44" inclusive of this answer, as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. In response to the allegations set forth in paragraph "47" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-47" inclusive of this answer, as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. In response to the allegations set forth in paragraph "57" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-57" inclusive of this answer, as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint, except admit that no payment has been made by the City of New York.

60. Deny the allegations set forth in paragraph "60" of the Complaint, except admit that a Summons and Complaint was filed within one year and 90 days of September 24, 2006.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Paragraph "62" of the Complaint contains conclusions of law to which no response is required.

63. In response to the allegations set forth in paragraph "63" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-63" inclusive of this answer, as if fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. In response to the allegations set forth in paragraph "66" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-66" inclusive of this answer, as if fully set forth herein.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. In response to the allegations set forth in paragraph "69" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-69" inclusive of this answer, as if fully set forth herein.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. In response to the allegations set forth in paragraph "75" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-75" inclusive of this answer, as if fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. In response to the allegations set forth in paragraph "78" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-78" inclusive of this answer, as if fully set forth herein.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. In response to the allegations set forth in paragraph "80" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-80" inclusive of this answer, as if fully set forth herein.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. In response to the allegations set forth in paragraph "82" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-82" inclusive of this answer, as if fully set forth herein.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. In response to the allegations set forth in paragraph "84" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-84" inclusive of this answer, as if fully set forth herein.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

89. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

90. At all times relevant to the acts alleged in the complaint, the duties and functions of defendants' officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

91. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

92. Punitive damages cannot be assessed against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

93. Plaintiffs' claims may be barred, in whole or in part, for plaintiff's failure to comply with New York General Municipal Law §§ 50-e and 50-i.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

94. There was probable cause for the plaintiffs' arrest, detention, and prosecution.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

95. Plaintiffs provoked the incident.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

96. Plaintiffs claims may be barred in part by the applicable statute of limitations.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

97. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

98. To the extent the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**AND AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

99. Plaintiffs' claims may be barred, in whole or in part, for plaintiffs' failure to comply with the conditions precedent to suit.

**WHEREFORE**, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            March 17, 2008

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                City of New York
                                Attorneys for Defendants City of New York
                                100 Church Street
                                New York, New York 10007
                                (212) 788-9580


                        By:     /s/
                                Afsaan Saleem
                                Senior Counsel


TO:     Brett Klein, Esq. (By ECF)
        Leventhal & Klein, LLP

Index No. 07 CV 11508 (VM)(HBP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRIS THOMAS, an infant under the age of fourteen, by his M/N/G LINDA DENNIS, SHADI HOWLETT, an infant under the age of fourteen, by her M/N/G PAMELA HOWLETT, and SHAHEEN HOWLETT, an infant under the age of fourteen, by his M/N/G PAMELA HOWLETT, LINDA DENNIS, individually, and PAMELA HOWLETT, individually,

Plaintiff,

-against-

THE CITY OF NEW YORK, and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Afsaan Saleem*
*Tel: (212) 788-9580*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y............................................ , 2007..*

*.................................................................... Esq.*

*Attorney for.............................................................*